IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GREGORY K. WHITT                                                                            PETITIONER

v.                          NO. 4:24-cv-00961-JM-PSH

HOBE RUNION, Sebastian County Sheriff                                        RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Gregory K. Whitt ("Whitt") maintains that the pre-trial proceedings in an Arkansas state trial court, and his continued pre-trial detention as a part of those proceedings, have brought about the violation of his constitutional rights. It is recommended that this case be dismissed without prejudice because the state court proceeding is currently on-going, and he failed to exhaust his remedies before beginning the case at bar.

The record reflects that in December of 2023, Whitt was charged in Sebastian County Circuit Court case number 66FCR-23-1170 with domestic battery in the second degree, a felony, and terroristic threatening in the first degree, also a felony. See Docket Entry 20, Exhibit A.[1] A public defender was appointed to represent Whitt, and counsel raised Whitt's fitness to proceed to trial in 66FCR-23-1170. See Docket Entry 20, Exhibit A. Whitt was then evaluated by a clinical psychologist, who opined that Whitt was not fit to proceed to trial. See Docket Entry 20, Exhibits A, B. In May of 2024, the state trial court entered a "Not-Fit-To-Proceed Commitment Order" that provided, in relevant part, the following:

---

[1] Respondent Hobe Runion's recital of the facts has been confirmed by viewing the publicly available website at https://caseinfo.arcourts.gov/opad/case/66FCR-23-1170.

> 1. That based on the evaluation performed by Morgan Hill, Ph.D., with the Arkansas State Hospital, it has been determined that [Whitt] lacks the fitness to proceed at this time. Pursuant to A.C.A. 5-2-310, the proceedings against [Whitt] are suspended and he/she is hereby committed to the custody of the Arkansas Department of Human Services for detention, care, and treatment until restoration of fitness to proceed.
>
> ...
>
> 3. The Court [o]rders the Department of Human Services, pursuant to A.C.A. 5-2-310 to report back to this Court if within ten months [Whitt] regains his fitness to proceed. Otherwise, the Department of Human Services is to report ten months from the date of this order whether:
>
>> A. [Whitt's] mental disease or defect is of a nature that preclud[es] restoration of fitness to proceed, and
>>
>> B. [He] presents a danger to himself or to the person or property of others.

See Docket Entry 20, Exhibit B. Whitt was detained and continues to be detained as of the date of these Findings and Recommendation.

Later that same month, Whitt filed a pro se motion contesting the "Not-Fit-To-Proceed Commitment Order." See Docket Entry 20, Exhibit A. In the motion, he challenged the clinical psychologist's report and asked the state trial court to hold a hearing on the report. He soon joined that motion with a motion to dismiss his attorney. See Docket Entry 20, Exhibit A. To date, the court has not acted on either motion.

3

In November of 2024, Whitt began this case by filing a petition for writ of habeas corpus. He maintained that the pre-trial proceedings in 66FCR-23-1170, and his continued pre-trial detention as a part of those proceedings, have brought about the violation of his constitutional rights. Specifically, he raised the following claims in a subsequently filed amended petition, a statement of facts, and several addendums:

1. The state trial court lacks jurisdiction, venue is improper, and the court is laboring under a conflict of interest.

2. Because jurisdiction is lacking, venue is improper, and there is a conflict of interest, he is being illegally detained.

3. His constitutional rights to competent counsel and counsel of his choice are being denied.

4. The state trial court is denying Whitt the right to a hearing on the question of whether he is fit to proceed to trial in 66FCR-23-1170.

5. His constitutional rights are being violated in a number of other respects, including constitutional violations that occurred in a prior criminal proceeding.

6. His constitutional right to a reasonable bond is being denied.

4

Whitt acknowledged in his amended petition that he did not present his claims to the highest state court having jurisdiction. He did note, however, that he raised in the state trial court his challenges to the court's jurisdiction, his fitness to proceed to trial in 66FCR-23-1170, and counsel's representation. Whitt asked that he be immediately released from detention.[2]

Respondent Hobe Runion ("Runion"), the Sebastian County Sheriff, responded to the petition by filing the pending motion to dismiss. See Docket Entry 20. Runion prefaced his motion by noting that although Whitt is currently being held in the Sebastian County Detention Center, Whitt is actually in the custody of the Arkansas Department of Human Services pursuant to the "Not-Fit-To-Proceed Commitment Order." In any event, Runion maintained that the petition should be dismissed because Whitt failed to exhaust his remedies before beginning the case at bar.

Whitt responded to Runion's motion to dismiss by filing a motion to object/suppress/strike. See Docket Entry 23. In Whitt's motion, he briefly addressed the exhaustion question. He maintained that his failure to exhaust should be excused because this case is out of the ordinary.

---

[2] Whitt later filed a motion to amend his petition a second time. In the motion, he asked that his requested relief be limited to his immediate release, if his release is the only relief that he can be awarded.

5

There are questions raised by this case that the undersigned will not attempt to answer.[3] This much is clear, though: the federal court should not step into the ongoing state court proceeding in 66FCR-23-1170, and Whitt failed to exhaust his remedies before beginning the case at bar.

With respect to the ongoing state court proceeding in 66FCR-23-1170, Younger v. Harris, 401 U.S. 37 (1971), makes clear that the federal court should abstain from interfering in ongoing state court proceedings.[4] "Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges." See Pugh v. Brunson, No. 4:20-cv-00373-KGB, 2021 WL

---

[3] For instance, it may be that this case should be construed as one pursuant to 28 U.S.C. 2241. See Phipps v. Woods, No. 4:20-cv-00671-BRW-JTR, 2020 WL 3579389, 1 (E.D. Ark. June 10, 2020), report and recommendation adopted, No. 4:20-cv-00671-BRW, 2020 WL 3579499 (E.D. Ark. July 1, 2020) ("Because Phipps seeks relief before trial and judgment in state court, his remedy, if any, lies under 2241(c)(3).").

It is also possible that Runion is not Whitt's actual custodial agent. The "Not-Fit-To-Proceed Commitment Order" reflects that Whitt was "committed to the custody of the Arkansas Department of Human Services for detention, care, and treatment until restoration of [his] fitness to proceed." See Docket Entry 20, Exhibit B.

[4] In Runion's motion to dismiss, he did not raise Younger v. Harris. The undersigned raises it now sua sponte. See Geier v. Missouri Ethics Commission, 715 F.3d 674 (8th Cir. 2013) (affirming dismissal where district court abstained sua sponte pursuant to Younger v. Harris).

627792, 2 (E.D. Ark. Jan. 25, 2021). If these elements are met, the federal court should abstain unless the court detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." See Id. (internal quotation marks and citations omitted). With regard to an "extraordinary circumstance," the circumstance must be extraordinary in the sense of creating "an extraordinary pressing need for immediate federal equitable relief." See Id. (internal quotation marks and citations omitted).

    Here, 66FCR-23-1170 is clearly an ongoing state court proceeding. Whitt is awaiting trial in that case, and the Arkansas Department of Human Services is to report to the state trial court if, within ten months of May of 2024, he regains his fitness to proceed. Otherwise, the Arkansas Department of Human Services is to report by March of 2025 whether his mental disease or defect precludes restoration of his fitness to proceed, and whether he presents a danger to himself or the person or property of others. The State of Arkansas has an important interest in enforcing its criminal laws, see Pugh v. Brunson, 2021 WL 627792, and Whitt can raise the claims at bar in 66FCR-23-1170. Additionally, his boldface allegations notwithstanding, he has not shown bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.

With respect to the steps Whitt took before filing the case at bar, it is axiomatic that a state prisoner must exhaust the remedies available to him in state court before seeking federal habeas corpus relief. See Phipps v. Woods, No. 4:20-cv-00671-BRW-JTR, 2020 WL 3579389, 2 (E.D. Ark. June 10, 2020), report and recommendation adopted, No. 4:20-cv-00671-BRW, 2020 WL 3579499 (E.D. Ark. July 1, 2020). "In order to fully exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court." See Id., 2020 WL 3579389, 2.

Although Whitt attempted to raise the claims at bar in the state trial court by filing pro se motions but never got rulings on the motions, he never presented the claims to the highest state court having jurisdiction, i.e., the state appellate courts. He asks, though, that his failure to do so be excused because this case is out of the ordinary.

28 U.S.C. 2254(b)(1)(B) identifies two exceptions to the exhaustion requirement: there is an absence of available state corrective process, and circumstances exist that render such process ineffective. The exceptions are inapplicable in this instance. First, Whitt does not lack the opportunity to seek state court redress of his claims. Second, he has failed to show why the available process is ineffective.

Accordingly, the undersigned finds that the state court proceeding in 66FCR-23-1170 is currently on-going, and Whitt has not shown bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. Additionally, he failed to exhaust his remedies before beginning the case at bar, and there is no justification for excusing his failure to exhaust. It is therefore recommended that Runion's motion to dismiss be granted, see Docket Entry 20; Whitt's motion to object/suppress/strike be denied, see Docket Entry 23; Whitt's petition be dismissed without prejudice; all requested relief be denied; and judgment be entered for Runion. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Whitt cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).[5]

DATED this 8th day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Whitt's most recent motion for copies is denied. See Docket Entry 28.